IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROMEO COOLEY,<br>      Petitioner,<br><br>v.<br><br>SUPERINTENDENT BROOKS, et al.,<br>      Respondents. | Civil Action No. 07-285 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus (Doc. No. 6) be dismissed without prejudice for failure to exhaust state remedies, that Respondents' Motion to Dismiss (Doc. No. 37) be granted, and that a certificate of appealability be denied.

### II.    REPORT

Petitioner, Romeo Cooley, is a state prisoner incarcerated at the State Correctional Institution located in Albion, Pennsylvania. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 6). In the petition, he contends that his constitutional rights are being violated because he is being held beyond his maximum sentence. He further contends that his Sixth Amendment right to effective assistance of counsel, his due process rights, and his double jeopardy rights have been violated.

#### A.    Background

At Docket Number 3721 of 2004 of the Court of Common Pleas of Erie County, Petitioner was charged with various violations of the Controlled Substance, Drug Device and Cosmetic Act. A jury subsequently convicted him of Possession With Intent to Deliver ("PWID"), Possession (which merged for the purposes of sentencing with the PWID conviction), and two counts of Possession of Paraphernalia. On October 6, 2005, the Honorable Michael E. Dunlavey of the Court of Common Pleas sentenced Petitioner to three to six years for the PWID conviction and six months to one year for each of the Paraphernalia charges. Petitioner filed a direct appeal with the Superior Court of Pennsylvania, which affirmed his judgement of sentence

on February 5, 2007. See Commonwealth v. Cooley, Docket No. 2154 WDA 2005 (Pa.Super.Ct.). The Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal on or around September 7, 2007.

On September 21, 2007, Petitioner filed a *pro se* petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. In that state petition, he raised at least some of the same federal constitutional claims that he has raised in the petition for writ of habeas corpus that is pending before this Court (which he filed in October 2007).

On or around February 1, 2008, the Honorable Ernest J. DiSantis, Jr. denied Petitioner's PCRA petition. Petitioner filed an appeal with the Superior Court on or around March 7, 2008. That appeal is pending before the Superior Court at Commonwealth v. Cooley, Docket No. 440 WDA 2008 (Pa.Super.Ct.). Petitioner acknowledges that he is litigating the same claims before the Superior Court and this Court. (Doc. No. 40).

**B.     Discussion**

The Respondents have filed a Motion to Dismiss (Doc. No. 37), in which they assert that this Court should dismiss Petitioner's federal petition for writ of habeas corpus because he is currently litigating the same claims that he raises therein in his appeal before the Superior Court. A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust" the remedies available in state court. 28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 515 (1982); Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005); Ellison v. Rogers, 484 F.3d 658, 662-63 (3d Cir. 2007). The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

Once a petitioner's federal claims have been fairly presented to the state courts *and those proceedings conclude*, the exhaustion requirement is satisfied. See id.; see also Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

Because Petitioner has not completed the exhaustion of his state court remedies, this Court should dismiss the habeas petition without prejudice. Rose, 455 U.S. at 522 ("because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, … a district court must dismiss habeas petitions containing … unexhausted claims[.]"). It is therefore recommended that the Court dismiss the petition for writ of habeas corpus without prejudice for failure to exhaust as required under 28 U.S.C. § 2254 and grant the Respondents' Motion to Dismiss.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable that at least some of the claims raised in the instant Petition for Writ of Habeas Corpus have not been exhausted. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed without prejudice, that the Motion to Dismiss (Doc. No. 37) be

granted, and that a certificate of appealability be denied.

      In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. <u>See</u> <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

                                               <u>/s/ Susan Paradise Baxter</u>
                                               SUSAN PARADISE BAXTER
                                               Chief U.S. Magistrate Judge

Dated: July 21, 2008